# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRUCE A. CIONNI,**
**Claimant Below, Petitioner**

**vs.)   No. 11-0711**  (BOR Appeal No. 2044889 & 2045122)
(Claim No. 2010096410)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PREMIUM ENTERPRISES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Bruce A. Cionni, by Christopher Wallace and Raymond Hinerman, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Premium Enterprises, Inc., by Gary Nickerson and James Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 5, 2011, in which the Board affirmed August 10, 2010, and September 29, 2010, Orders of the Workers' Compensation Office of Judges. In its Orders, the Office of Judges affirmed the claims administrator's March 8, 2010; March 22, 2010; March 31, 2010; May 6, 2010; and June 18, 2010, decisions. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cionni injured his lower back on June 26, 2009, while pulling on a chain attached to a tractor trailer, and the claim was held compensable for lumbar sprain. In its August 10, 2010, and September 29, 2010, Orders affirming the March 8, 2010; March 22, 2010; March 31, 2010; May 16, 2010; and June 18, 2010, claims administrator's decisions, the Office of Judges held that the claim was properly closed for temporary total disability benefits; that the evidence of record does not indicate that Mr. Cionni is entitled to the continued authorization of the medications Opana ER, Percocet, and Lyrica; that lumbar radiculopathy, herniated disc, low back pain, and bulging discs should not be added as compensable components of the claim; and that Mr. Cionni is not entitled to a repeat lumbar spine MRI and repeat EMG of the bilateral lower extremities. Mr. Cionni disputes these findings and asserts that the evidence of record demonstrates that he is entitled to the requested benefits.

In its August 10, 2010, Order, the Office of Judges held that there is insufficient evidence to continue granting temporary total disability benefits. The Office of Judges noted that Dr. Sethi found Mr. Cionni to be at maximum medical improvement during a January 18, 2010, independent medical evaluation. The Office of Judges found that it was clear Mr. Cionni had a history of problems with his lower back including a history of sciatica and degenerative joint disease. The Office of Judges then found that the evidence of record indicates that Mr. Cionni's continuing problems are not attributable to the compensable injury.

In its March 31, 2010, Order, the Office of Judges held that the record does not support adding the requested additional compensable components. Once again, the Office of Judges noted Mr. Cionni's history of preexisting problems and Dr. Sethi's finding that he is at maximum medical improvement. The Office of Judges found that Dr. Dominguez documented that Mr. Cionni suffered from progressively worsening back pain four years before the compensable injury. The Office of Judges further found that given Mr. Cionni's history of back problems, including left sided radiculopathy and an intervening back injury, the record does not support adding the requested compensable components.

In its March 31, 2010, Order, the Office of Judges also held that there is insufficient evidence to authorize the requested medications. The Office of Judges found that the only compensable component of the claim is lumbar sprain, and that pursuant to West Virginia Code of State Rules § 85-20-37.5 (2006), the duration of a lumbar sprain is not to exceed eight weeks, and noted that Mr. Cionni was injured on June 26, 2009. The Office of Judges found that there is no evidence in the record concerning the requests for Opana ER and Percocet, but that Lyrica is being prescribed for neuropathic pain. The Office of Judges found that pursuant to West Virginia Code of State Rules § 85-20-37.5, the residual pain for which Lyrica is being prescribed should have resolved, and that the record does not contain evidence sufficient to justify a deviation from the treatment guidelines pursuant to West Virginia Code of State Rules § 85-20-4.1 (2006).

Finally, in its March 31, 2010, Order, the Office of Judges held that the preponderance of the evidence fails to connect Mr. Cionni's requests for a repeat lumbar spine MRI and a repeat EMG of the bilateral lower extremities to the claim. The Office of Judges found that the physician's request for repeat diagnostic testing provided no explanation regarding their

necessity or their relationship to the claim. Once again, the Office of Judges pointed out Mr. Cionni's history of back problems, and found that the compensable lumbar sprain should have resolved some time ago. The Office of Judges further found that the evidence of record does not establish that Mr. Cionni's current complaints are due to the compensable injury. The Board of Review reached the same reasoned conclusions in its decision of April 5, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 5, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum